ANDREWS and others *v.* CREEGAN.

*(Circuit Court, S. D. New York.* March 22, 1881.)

1. DRIVEN WELLS—WRITTEN CONTRACT—PAROL EVIDENCE.
    Parol evidence of a written contract for driven wells is admissible in a suit for infringement.

2. SAME—PRESUMPTION OF PROFITS—ACCOUNTING.
    The allegation that the transaction was not profitable would not meet the presumption of profits arising from the putting down of the wells so as to defeat an accounting.

3. SAME—DAMAGES—REV. ST. § 4921.
    Besides, section 4921 of the Revised Statutes provides for an accounting for damages as well as profits, and there might be damages to be accounted for in such a case.—[ED.

In Equity.

WHEELER, D. J.. This suit is brought for an infringement of a patent owned by the plaintiffs for a driven well. The answer denies infringement and accountability. No question about the validity of the patent is made. The proofs show that the defendant procured four wells to be put down, so as to draw water, for a fixed price, to be paid when the work should be done, and that the work was done to his satisfaction so far that he did pay. The wells put down were driven wells. It is argued that the kind of wells to be put down

was optional with the workman, and that the defendant is not responsible for the choice the workman made. The evidence does not leave a foundation for this argument, even if it was sound. The workman is the only witness, and he testifies that the contract for putting in the wells was in writing, which he could not read, but which the defendant read as a contract for putting in driven wells. It is further argued that, as the evidence shows the contract was in writing, which is not produced, the parol evidence is not admissible, and that there is no legal evidence as to what the contract was. This argument might be well founded if the suit were upon the contract, but it was not. The question is not what was the contract, but is, what did the defendant procure the workman to do? What he told the workman to do, or pretended to read from the contract that the workman was to do, if acted upon, would be a sufficient procurement, even if contrary to the contract. The testimony of the workman might be contradicted by the defendant if not true, and, not being contradicted or explained away in any manner, it satisfactorily proves the affirmative of the issue made by the pleadings.

The defendant denies any profits, and insists that none are proved to lay the foundation of an accounting. None are proved beyond the presumption arising from the fact of the putting the well down so that it could be used. This would raise a presumption that there were, or might have been, some profits, and the allegation that the transaction was not profitable would not meet the presumption so as to defeat an accounting. The plaintiff would have the right to have the account taken, however it might result, left to him. Besides this, the act of 1870 (Rev. St. § 4921) provides for an accounting for damages as well as profits, and there may be damages to be accounted for in this case.

Let there be a decree for an injunction and an account accordingly.